UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ISAIAH DEEQUAN CLARK, #632964,

        Petitioner,

v.                                        Case Number 1:19-CV-10555
                                        Honorable Thomas L. Ludington

CONNIE HORTON,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR EQUITABLE TOLLING,
DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Michigan prisoner Isaiah DeeQuan Clark ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. He has also filed a motion for equitable tolling of the one-year statute of limitations applicable to federal habeas actions. ECF No. 4. Petitioner was convicted of second-degree murder, carrying a firearm or other dangerous weapon with unlawful intent, felon in possession of a firearm, three counts of assault with intent to murder, and six counts of possession of a firearm during the commission of a felony following a joint jury trial with several co-defendants in the Saginaw County Circuit Court. He was sentenced as a third habitual offender to concurrent terms of 60 to 90 years on the murder and assault convictions, concurrent terms of six to 10 years imprisonment on the carrying a firearm or other dangerous weapon with unlawful intent and felon in possession convictions, and concurrent terms of two years imprisonment on the felony firearm convictions, to be served consecutively to the other sentences, in 2014. In his habeas

petition, he raises claims concerning the denial of a severance motion, the admission of gang affiliation evidence, an upward sentencing departure, and the trial court's questioning of him during trial.

For the following reasons, the Court concludes that the habeas petition is untimely and that the motion for equitable tolling lacks merit. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal should be denied.

# I.

Petitioner's convictions arise from a shooting that occurred at a high school pre-prom event in Saginaw, Michigan on May 23, 2013. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> These cases arise out of a May 23, 2013 shooting that occurred shortly before 6:00 p.m. in the parking lot of Saginaw's Florence Event Hall, where Saginaw High School students had gathered with friends and family for an informal pre-prom party. The prosecution theorized that animosity between those associated with Sheridan Park neighborhood and those associated with Saginaw's east side precipitated the shooting. Evidence indicated that defendants Thomas and McGee were from the east side, while defendant Clark, Keon Bowens, a fourth defendant who was acquitted of all charges, and Anterio Patton, the presumed target of the shooting, were from Sheridan Park.
>
> Pamela Jordan reported that, shortly before the shooting began, Thomas, McGee, and several other young men approached Patton, Clark, Bowens, and others gathered around the black Caprice that Patton had driven to the pre-prom party. The witness recounted that Thomas's group approached Patton's group as if "they were wanting trouble." After she had taken a picture of Patton and his date and was walking away, she heard someone from Thomas's group said to someone in Patton's group, "I heard you was looking for me. I got nine rounds for you." Malik Jordan testified that the men by the Caprice were flashing weapons and gang signs, while Trenika Shivers, Patton's aunt, said she saw McGee standing beside Thomas, and saw Thomas flash his gun. Shivers opined that Thomas's was not an aggressive move, nor was it much noticed by Patton's group. According to Malik, Thomas pulled his gun, held it by his side, and started to back up. Shaquana Reid indicated that McGee was at Thomas's side, acting as if he were about to draw his gun.

> Several witnesses testified to a sense that something was going to happen. Tangela Owens said she was walking around taking pictures when her daughter, Tonquinisha "Ne–Ne" McKinley, approached her and told her they had to leave because something was "getting ready to go down." Pamela Jordan said that, just after she heard the threatening words spoken toward Patton's group, her son, Malik, approached her and said, "mom, it's about to be some stuff," and began pushing her along, away from the area where the black Caprice was parked. Trenika Shivers said she sensed there was about to be a fight and started to get in the Caprice to drive it out of the way when defendant Clark pushed her all the way in the car and said, "ma, get out the way." According to Malik Jordan, after Thomas pulled his weapon, held it by his side, and started backing up, defendant Clark emerged from the Caprice and started shooting. Marguerie Johnson recalled that she was standing by defendants Thomas and McGee when the shooting started, and she saw them shooting back in the direction of Patton and defendant Clark. Several witnesses said that it sounded like shots were coming from everywhere. A firearms expert from the Michigan State Police testified that police recovered 36 cartridge casings fired from five semiautomatic weapons. Ne–Ne McKinley was fatally shot in the face, while three other innocent bystanders were wounded.

*People v. Clark*, No. 323369, 20016 WL 4645822, *1-2 (Mich. Ct. App. Sept. 6, 2016) (unpublished)

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals essentially raising the same claims presented on habeas review. The court denied relief on those claims and affirmed his convictions and sentences. *Id.* at *2-7, 14-16. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Clark*, 500 Mich. 982, 893 N.W.2d 620 (May 2, 2017).

Petitioner filed his undated federal habeas petition and his motion for equitable tolling with the Court on February 22, 2019.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006). Moreover, Petitioner acknowledges that his habeas petition is untimely, although he seeks to proceed based upon an assertion that he is entitled to equitable tolling of the one-year period. ECF No. 4.

Petitioner's convictions became final after the AEDPA's one year limitation. The Michigan Supreme Court denied leave to appeal on May 2, 2017. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes

final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about July 31, 2017. Accordingly, Petitioner was required to file his federal habeas petition by July 31, 2018, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

However, Petitioner did not file his federal habeas petition until February 22, 2019 – more than six months after the one-year period had expired. Petitioner does not allege that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In his motion for equitable tolling, Petitioner asserts that his untimeliness should be excused because he retained counsel to represent him and counsel failed to timely file his habeas

petition. There is no constitutional right to counsel or to the effective assistance of counsel on collateral review, including habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001); *cf. Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (ineffective assistance of post-conviction counsel may establish cause to excuse a procedural default on initial-review collateral proceeding where that proceeding was the first opportunity to raise ineffective assistance of trial counsel claim). Nonetheless, the Supreme Court and the United States Court of Appeals for the Sixth Circuit have concluded that "serious instances of attorney misconduct" may constitute an extraordinary circumstance to warrant equitable tolling. *See Holland*, 560 U.S. at 651-53; *Patterson v. Lafler*, 455 F. App'x 606, 609-10 (6th Cir. 2012) (citing *Holland*). However, those courts have also made clear that attorney error or negligence is not an extraordinary circumstance which justifies equitable tolling. *Holland*, 560 U.S. at 651-52 (citing cases); *Lawrence*, 549 U.S. at 336-37 ("attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Jurado*, 337 F.3d at 644-45; *see also Coleman*, 501 U.S. at 753. Rather, counsel's conduct, or lack thereof, must be sufficiently egregious – akin to abandonment – to warrant equitable relief. *See Maples v. Thomas*, 565 U.S. 266, 283 (2012) (discussing *Holland* and ruling that attorney abandonment may constitute cause to excuse a procedural default); *Patterson*, 455 F. App'x at 610 (attorney incapacitation or abandonment may constitute an extraordinary circumstance).

Petitioner asserts that his retained counsel "abandoned" him by failing to timely file his federal habeas petition. Petitioner's own pleadings, however, belie his claim of abandonment. While Petitioner states that he was relying upon counsel to file his habeas petition, he also states that after a substantial, but unidentified period of time had passed, his family contacted counsel to

inquire about the status of the case and learned that counsel had mistakenly failed to file his habeas petition. Petitioner states that counsel apologized to the family. Counsel said that he had in-house professional problems and had "lost track" of the time frame for filing the habeas petition in federal court. He ultimately returned Petitioner's legal fees and ceased communications. The record thus indicates that retained counsel continued to represent Petitioner during the relevant time period, but negligently and erroneously failed to file the habeas petition in a timely manner. This amounts to mere attorney error or miscalculation, not abandonment. Counsel only stopped communicating with Petitioner after the error came to light and he returned Petitioner's legal fees, thereby concluding his representation. Given such circumstances, counsel's negligent conduct is attributable to Petitioner and does not justify equitable tolling of the one-year period.

Moreover, Petitioner does not specify when he learned of counsel's mistake or explain why he and/or his family were unwilling or unable to contact counsel about the status of the habeas case before the expiration of the one-year limitations period. He also does not address why he ultimately did not file his federal habeas petition (which contains the same claims presented to the state courts on direct appeal) until six months after the one-year limitations period had expired. Petitioner has not shown that he acted with reasonable diligence in seeking to preserve his rights. Accordingly, he is not entitled to equitable tolling of the one-year period based upon retained counsel's conduct.

Lastly, equitable tolling is not warranted by the fact that Petitioner is untrained in the law, is now proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law

is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. Petitioner has not established that he is entitled to equitable tolling of the one-year period. His habeas petition is untimely and must be dismissed.

**III.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find debatable the Court's procedural ruling that the habeas petition is untimely. Accordingly, a certificate of appealability will be denied.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court will deny Petitioner leave to proceed in forma pauperis on appeal.

## IV.

Accordingly, it is **ORDERED** that Petitioner's motion for equitable tolling, ECF No. 4, is **DENIED**.

It is further **ORDERED** that Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: June 26, 2019               s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Isaiah Deequan Clark** #632964, CHIPPEWA CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784 by first class U.S. mail on June 26, 2019.

                                   s/Kelly Winslow
                                   KELLY WINSLOW, Case Manager